IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL JOHANNES** a/k/a Jonleden, | ) |
| Plaintiff, | ) |
| v. | ) 2:16cv136 |
| | ) **Electronic Filing** |
| **BOROUGH OF WILKINSBURG** and **CHIEF OF POLICE OPHELIA COLEMAN**, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 15th day of September, 2017, upon due consideration of pro se plaintiff's motion for leave to file a second amended complaint and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted. The Clerk is directed to file pages 4 through 8 of [46] as plaintiff's Second Amended Complaint; and

IT FURTHER IS ORDERED that that upon due consideration of plaintiff's Second Amended Complaint, the remaining claim for retaliation in violation of the First Amendment is dismissed with prejudice. Final judgment shall be entered and the Clerk shall mark the case closed.

On January 9, 2017, the court issued an opinion resolving defendants' motion to dismiss plaintiff's first amended complaint and an order dismissing all claims in that complaint seeking redress for alleged violation of due process with prejudice. Out of an abundance of caution plaintiff was permitted to seek leave to file an amended complaint identifying the grounds upon which his "retaliation claim" is founded. Plaintiff's second amended complaint attempts to do so. After review of those grounds it is clear that plaintiff's claim for retaliation 1) cannot proceed for the reasons set forth in the opinion issued on January 9, 2017, and 2) is without adequate factual

foundation in any event. Accordingly, the remaining retaliation claim in the Second Amended Complaint has been dismissed.

In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action. Merkle v. Upper Dublin School District, 211 F.3d 782, 793 (3d Cir. 2000) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Latessa v. New Jersey Racing Comm'n, 113 F.3d 1313, 1319 (3d Cir.1997)); accord Anderson v. Davila, 125 F.3d 148, 516-17 (3d Cir. 1997) (To prevail on his retaliation claim, a plaintiff must prove three things: first, that he or she engaged in protected activity; second, that a government or individual acting under color of state law responded with retaliation; and third that the protected activity was the cause of the government's retaliation.).

Here, plaintiff fails to satisfy the basic pleading standards governing his First Amendment retaliation claim on a number of levels. As highlighted by defendants, plaintiff has failed to confine his second amended complaint to the claim which he was permitted to present upon amendment. This in itself is reason to reject the proffered claim.

Plaintiff also has failed to identify an actual unconstitutional policy, custom or practice that was being implemented and perhaps more importantly the specific individuals who purportedly carried out any such conduct. Generalizations about how supervisory officials must have been involved in a specific instance or particular situation that can be loosely linked to some overarching government operation are inadequate. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 682 (2009) (To prevail on the theory that one's constitutional rights were violated by unidentified government employees carrying out a departmental policy, the complaint must contain facts plausibly showing that the government policymakers had firsthand involvement in purposefully

2

adopting a policy or in implementing a custom that infringed upon the plaintiff's established constitutional rights.). Plaintiff has done nothing more than identify instances where certain unidentified individuals posted property that plaintiff was known to frequent in an effort to provide him with notice to cease and desist his efforts to rehabilitate and claim title to real property which he did not lawfully own. There is nothing inherently wrongful about such conduct.

Plaintiff's revised efforts fail to identify any facts to support a plausible showing that the second element to a First Amendment retaliation claim is or can be established. Plaintiff's retaliation claim is grounded in the exact same facts that he advanced to support his due process claims. But receiving the identified notices from borough code or police officers cannot have harmed plaintiff by depriving him of an interest in property he owned or otherwise would have acquired. Nor is there any sound basis to assume or infer that the posting was an act designed to retaliate against plaintiff for filing a legal proceeding or pursuing other legal recourse. In other words, the allegations fail at a basic level to identify conduct that can be treated as a form of specific harm that was designed to chill the exercise of First Amendment rights. See Anderson, 125 F.3d at 514-15 (subjective chill from lawful government activity fails to identify the minimal "specific present harm" or "threat of specific future harm" needed to set forth a First Amendment claim of retaliation) (citing Philadelphia Yearly Meeting of Religious Society of Friends v. Tate, 519 F.2d 1335, 1337–1338 (3d Cir. 1975) (same)). Consequently, there is no reasonable basis to believe discovery will uncover evidence to support the second element of a First Amendment retaliation claim.

Finally, plaintiff has advanced nothing beyond shear speculation to support a causal connection between his filing suit and the posting. While plaintiff did gain an order recognizing a conditional possessory interest in the real estate, the Pennsylvania courts conclusively

3

determined that plaintiff's possessory interest was erroneously recognized and did not actually exist. It follows that the unidentified officers had lawful reason to post the notices when they did so and the second amended complaint is devoid of facts that would plausibly support a showing that a causal connection existed between plaintiff's filing suit and the posting of notice to cease the construction activity at locations that plaintiff did not own.

For the reasons set forth above, plaintiff's motion for leave to amend has been granted and his proposed second amended complaint will be filed. The remaining claim for retaliation in violation of the First Amendment has been dismissed. The Clerk of Court has been directed to mark the case closed.

s/David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc: Michael Johannes
   283 Second Street Pike
   Suite 185
   Southampton, PA  18966
   (*Via First Class Mail*)

   Christian D. Marquis, Esquire
   April L. Cressler, Esquire
   (*Via CM/ECF Electronic Mail*)